## Case No. 11,896.

### In re ROBERTS et al.

[S Biss. 426.] [1]

Circuit Court, N. D. Illinois. Feb., 1879.

BANKRUPTCY—TIME OF FILING—FILE MARKS—
EXECUTION LIEN.

A petition in bankruptcy was marked as filed at "12 o'clock." An execution against the bankrupts' property was also marked as filed with the sheriff at "12 o'clock," the same date: *Held*, that the file-marks were not conclusive, and that it was competent to establish the priority of the execution lien by showing by parol testimony, that in fact the petition was not filed until 1 o'clock.

[In review of the action of the district court of the United States for the Northern district of Illinois.]

In bankruptcy.

Dent & Black, for claimants, cited Hale's Appeal, 44 Pa. St. 438; Herm. Ex'ns. 399; Baker v. Davis, 22 N. H. 27; Owens v. Ranstead, 22 Ill. 161; Metzler v. Kilgore, 3 Pen. & W. 247; Johnson v. Smith, 2 Burrows, 960; Michaels v. Shaw, 12 Wend. 587; Bump, Bankr. (9th Ed.) 373; Wells v. Brackett, 30 Me. 61; Garlick v. Sangster, 9 Bing. 46, and others.

Frederick Ullman, for assignee.

DRUMMOND, Circuit Judge. Alonzo Roberts, Porter D. Roberts, and Alphonso C. Day, in 1878, were engaged in business in Chicago, as copartners, and while so engaged they became indebted to Washington P. Cook for money borrowed of him from time to time, and for which notes were given, accompanied by warrants of attorney to confess judgment. There seems to be no question made of the good faith of the indebtedness of the firm to Cook, and the contro-

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

versy grows out of the manner in which, and the time when, judgment was obtained and execution issued on the debt due to Cook, and on the manner and time when a petition in bankruptcy was filed by Roberts & Co. The bankrupts not having performed the promises which they made to Cook for the payment of his claims, he, on the 7th day of May, 1878, caused to be entered up in the superior court in Chicago, a judgment for the amount of his claim, being $6,420.24. Execution was issued immediately, and placed in the hands of the sheriff at or before 12 o'clock of that day, and so became, under the law of this state a lien upon the personal property of the bankrupts. Roberts & Co. on the 6th day of May applied to Mr. Bisbee to draw up a petition for them in bankruptcy. He drew it up at his house on the evening of that day, and about 11 o'clock went into the clerk's office of the district court of the United States for this district and deposited with the bankrupt clerk the necessary deposit fee, and the clerk, or rather one of the members of the firm of Roberts & Co., made a memorandum of the case. Mr. Bisbee then took the papers and went to the register's office, and the papers were signed and sworn to by the bankrupts, but Mr. Hibbard, the register, did not add his jurat. Mr. Bisbee being called out to attend to some case in court, did not return to the register's office where the papers were left, until after 1 o'clock, when he went to the office of the register, and found that the jurat had been added by Mr. Hibbard. He took the papers, handed them to the bankrupt clerk, and they were marked filed as of the date, "12 o'clock, May 7th," which was also the file-mark made by the execution clerk on the execution issued from the superior court. It thus appeared that the petition in bankruptcy was marked filed precisely at the same hour that the execution was marked as having come into the hands of the sheriff. There can be, I think, no doubt, however, from the evidence, that the execution was really placed in the hands of the execution clerk before 12 o'clock, and it is equally clear from the evidence, that the petition in bankruptcy was not actually filed in the clerk's office until after 1 o'clock.

The district court held that the file-marks on the execution, and on the petition in bankruptcy, were conclusive and estopped all parties, and therefore, that the extrinsic facts could not be shown, and accordingly held that Mr. Cook had established no priority of right over the general creditors of the bankrupt. As there is no question made of the good faith of Mr. Cook, or of the manner in which he obtained his judgment and execution, the only point is whether the decision of the district court was right in holding that these file-marks were conclusive. I think that in this respect the district court erred, and that it was competent

for the parties to show what the fact was as to the time when the petition in bankruptcy was actually filed. That is a mere direction given by the law to the clerk, and with which Mr. Cook, the creditor who claims priority here, had nothing to do, and it would be a hard rule, if a mistake were made by the clerk as to the time of filing the petition, that he should be bound by it. I think the authorities cited by counsel are clear, that the file-mark is not absolutely conclusive either in the one case or in the other, and would not be unless expressly so made by statute.

Mr. Cook made an application to the district court claiming a priority of payment over the other creditors of the bankrupt firm, which application was denied by that court, and in consequence of which he filed a petition in review to this court, and the order of the district court will therefore be reversed, and that court directed to give priority to the claim of Mr. Cook.